UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>   *Plaintiff*,<br>v.<br><br>WIPRO LIMITED, WIPRO INC., and WIPRO, LLC,<br><br>   *Defendants*. | Case No. 4:25-cv-1243<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mobility Workx, LLC ("Plaintiff" or "Mobility Workx") files this complaint against Defendants Wipro Limited, Wipro Inc., and Wipro, LLC, (collectively, "Defendant" or "Wipro") for infringement of U.S. Patents Nos. 7,231,330 (the "'330 Patent"), 7,697,508 (the "'508 Patent"), and 8,213,417 (the "'417 Patent") (the "Patents in Suit").

**I. PARTIES**

1. Plaintiff Mobility Workx LLC is a Florida limited liability company that maintains its principal place of business at 215 Circle Drive, Winters, TX 79567.

2. Mobility Workx is the owner of U.S. Patent No. 7,231,330, entitled "Rapid Mobility Network Emulator Method and System," issued June 12, 2007.

1

3.     Mobility Workx is the owner of U.S. Patent No. 7,697,508, entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," issued April 13, 2010.

4.     Mobility Workx is the owner of U.S. Patent No. 8,213,417, entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," issued July 3, 2012.

5.     Defendant WIPRO LIMITED is an Indian corporation with a principal place of business at 1300 Crittenden Lane 2nd Floor, Mountain View, CA 94043. Defendant WIPRO LIMITED is registered to do business in Texas and its registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6.     Defendant WIPRO INC. is a Delaware corporation with a principal place of business at 2 Tower Center Blvd., Ste. 2200, East Brunswick, NJ 08816. Defendant WIPRO INC. is registered to do business in Texas and its registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

7.     Defendant WIPRO, LLC, is a Texas limited liability company with an address of PO Box 6031, San Antonio, TX 78209. Defendant WIPRO, LLC, is registered to do business in Texas and its registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

8.     Defendant operates a website at www.wipro.com through which it offers for sale accused products and services.

9. Upon information and belief, Defendant makes, uses, offers to sell, sells, or imports accused products and services in Texas and in this District.

## II. JURISDICTION AND VENUE

10. Mobility Workx's patent infringement claims arise under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant because it is a resident of this District, conducts substantial business throughout Texas, including in this District, and derives substantial revenue from products and/or services it makes, uses, offers to sell, sells, or imports in Texas and this District that infringe the Patent in Suit.

12. Venue is proper in this District and division pursuant to 28 U.S.C. §§ 1391 and 1400, because Defendant has both committed acts of infringement and has regular and established places of business in this District including at 5445 Legacy Drive, Suite 300, Plano, TX 75024.

## III. COUNT I: INFRINGEMENT OF THE '330 PATENT

13. Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

14. Mobility Workx is the owner by assignment of all rights, title, and

interest in the '330 Patent. A copy of the '330 patent is attached hereto as Exhibit 1. The '330 Patent is presumed valid and enforceable.

15. Upon information and belief, Defendant makes, uses, offers for sale, sells, or imports certain products and services ("Accused Emulation Products/Services") in the United States and in this District that directly infringe one or more claims of the '330 Patent, literally or under the doctrine of equivalents, including at least claims 1-19 of the '330 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 2.

16. To the extent Defendant has infringed or continues to infringe after knowledge of the '330 Patent, such infringement is deliberate, knowing, and willful under 35 U.S.C § 271.

17. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, Defendant, together with interest and costs as fixed by the Court.

18. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

IV. **COUNT II: INFRINGEMENT OF THE '508 PATENT**

19. Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

20. Mobility Workx is the owner by assignment of all rights, title, and interest in the '508 Patent. A copy of the '508 patent is attached hereto as Exhibit 3. The '508 Patent is presumed valid and enforceable.

21. Upon information and belief, Defendant indirectly infringes or in the past indirectly infringed the '508 Patent by inducing others to make, use, offer for sale, sell, or import, certain products and services ("Accused Handover Products/Services") in the United States that directly infringe one or more claims of the '508 Patent, literally or under the doctrine of equivalents, including at least claims 7 and 14 of the '508 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 4.

22. Upon information and belief, Defendant knowingly and intentionally induces or in the past induced infringement of the '508 Patent in violation of 35 U.S.C. § 271(b). Prior to, or at least through, the filing and service of this amended complaint, Defendant knew of the '508 Patent and the infringing nature of the Accused Handover Products/Services of others that were directly or indirectly customers of Defendant. Defendant however continues or continued to actively encourage customers of its Accused Emulation Products/Services to directly infringe the '508 Patent by making, using, selling, offering to sell, or importing the Accused Handover Products/Services. Defendant does or did so with knowledge and intent that the customers of Defendant's Accused Emulation Products/Services commit

these acts of direct infringement of the '508 Patent. Defendant also continues or continued to make, use, offer for sale, sell, and/or import its Accused Emulation Products/Services despite knowing of the '508 Patent, thereby specifically intending for and inducing users of its products and services to infringe the '508 Patent through their ordinary use of the Accused Emulation Products/Services.

23. To the extent Defendant has infringed or continues to infringe after knowledge of the '508 Patent, such infringement is deliberate, knowing, and willful under 35 U.S.C § 271.

24. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, Defendant, together with interest and costs as fixed by the Court.

25. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

## V. COUNT III: INFRINGEMENT OF THE '417 PATENT

26. Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

27. Mobility Workx is the owner by assignment of all rights, title, and interest in the '417 Patent. A copy of the '417 patent is attached hereto as Exhibit 5. The '417 Patent is presumed valid and enforceable.

28. Upon information and belief, Defendant indirectly infringes or in the past indirectly infringed the '508 Patent by inducing others to make, use, offer for sale, sell, or import, certain products and services ("Accused Handover Products/Services") in the United States that directly infringe one or more claims of the '417 Patent, literally or under the doctrine of equivalents, including at least claims 3 and 6 of the '417 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 6.

29. Upon information and belief, Defendant knowingly and intentionally induces or in the past induced infringement of the '417 Patent in violation of 35 U.S.C. § 271(b). Prior to, or at least through, the filing and service of this amended complaint, Defendant knew of the '417 Patent and the infringing nature of the Accused Handover Products/Services of others that were directly or indirectly customers of Defendant. Defendant however continues or continued to actively encourage customers of its Accused Emulation Products/Services to directly infringe the '417 Patent by making, using, selling, offering to sell, or importing the Accused Handover Products/Services. Defendant does or did so with knowledge and intent that the customers of Defendant's Accused Emulation Products/Services commit these acts of direct infringement of the '417 Patent. Defendant also continues or continued to make, use, offer for sale, sell, and/or import its Accused Emulation Products/Services despite knowing of the '417 Patent, thereby specifically intending

for and inducing users of its products and services to infringe the '417 Patent through their ordinary use of the Accused Emulation Products/Services.

30. To the extent Defendant has infringed or continues to infringe after knowledge of the '417 Patent, such infringement is deliberate, knowing, and willful under 35 U.S.C § 271.

31. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, Defendant, together with interest and costs as fixed by the Court.

32. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

## PRAYER FOR RELIEF

Mobility Workx respectfully requests that the Court enter:

a. A judgment that the Patents in Suit are valid and enforceable;

b. A judgment that Defendant has infringed directly and indirectly, either literally and/or under the doctrine of equivalents, the Patents in Suit;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Patents in Suit;

d. A judgment and order finding that this is an exceptional case within the

meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

e.  Any and all injunctive or equitable relief to which Mobility Workx is entitled, including but not limited to ongoing royalties with respect to Defendant's infringement of the Patents in Suit; and,

f.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 18, 2025                Respectfully Submitted,

                                        By: /s/ Daniel Ravicher
Michael Machat (CA Bar No. 109475)      Daniel Ravicher (FL Bar No. 102809)
Machat & Associates, PC                 ZEISLER PLLC
8730 W. Sunset Blvd., Ste. 250          80 SW 8th St Suite 3110
West Hollywood, CA 90069                Miami, FL 33130
Phone: 310-860-1833                     Phone: (786) 505-1205
michael@machatlaw.com                   dan@zeisler-law.com

*Counsel for Plaintiff*

9